Rosengarten v Born (2018 NY Slip Op 03465)





Rosengarten v Born


2018 NY Slip Op 03465


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


651147/14 -651148/14 -651149/14 6549N 6548 6547 6546 6545 6544

[*1] Gerald Rosengarten, Plaintiff-Respondent,
v
Richard Born, et al., Defendants-Appellants.
Ruandro LLC, Plaintiff-Respondent,
v
Richard Born, et al., Defendants-Appellants.
Gerald Rosengarten, etc., Plaintiff-Respondent,
v
Richard Born, et al., Defendants-Appellants, Three on Third, LLC, Nominal Defendant.


Epstein Becker & Green, P.C., New York (Robert D. Goldstein of counsel), for appellants.
Flemming Zulack Williamson Zauderer LLP, New York (Richard A. Williamson of counsel), for respondents.



Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 19, 2017, which, inter alia, granted plaintiffs' motion to strike defendants' pleadings, unanimously affirmed, with costs. Orders, same court and Justice, entered September 6, 2017, which, insofar as appealed from, denied defendants' motion to renew, unanimously affirmed, with costs.
The motion court's decision to strike, based on a finding that defendants' conduct with respect to its discovery obligations was willful and contumacious and without reasonable excuse, was a proper exercise of its discretion (see e.g. Spira v Antoine 191 Ad2d 219 [1st Dept 1993]; CPLR 3126). The record amply demonstrates that from the start of the discovery process defendants engaged in a pattern of willful and contumacious conduct by, inter alia, disregarding court orders despite being repeatedly warned of the ramifications of doing so, providing discovery responses that were unduly burdensome and without reviewing them, and otherwise failing to meaningfully comply with the discovery requests.
The court also properly denied defendants' motion to renew. Even assuming that defendants asserted new facts that were not offered on the prior motion, the court providently determined that those facts would not change the prior determination (see Fulton Mkt. Retail Fish Inc. v Todtman, Nachamie, Spizz & Johns, P.C., 158 AD3d 502 [1st Dept 2018]; CPLR 2221[e][2]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK